**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Nalco Company, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:15-cv-08913 |
| v. | ) | Judge Edmond E. Chang |
| | ) | |
| Solenis LLC, | ) | **Jury Trial Demanded** |
| | ) | |
| Defendant. | ) | |

**ANSWER TO NALCO'S FIRST AMENDED COMPLAINT**
**AND SOLENIS' COUNTERCLAIMS**

Defendant Solenis LLC ("Solenis") respectfully submits its Answer in response to the First Amended Complaint filed by Plaintiff Nalco Company ("Nalco"), by and through its undersigned counsel, as follows:

**THE PARTIES**

1. Plaintiff, Nalco, is a limited liability company duly organized and existing under the laws of the State of Delaware and has a principal place of business at 1601 W. Diehl Road, Naperville, Illinois 60563-1198.

**ANSWER:** Solenis lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in paragraph 1 and accordingly denies the allegations of paragraph 1, leaving Nalco to its proofs thereof.

2. On information and belief, Defendant, Solenis LLC ("Solenis" or "Defendant"), is a corporation existing under the laws of the State of Delaware, and has a principal place of business at 3 Beaver Valley Road, Suite 500, Wilmington, DE 19803. Solenis is registered to do business in the state of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:** Solenis admits that it has a principal place of business at 3 Beaver Valley Road, Suite 500, Wilmington, Delaware 19803. Solenis admits that it is registered to do

business in the State of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604. Defendant denies the remaining allegations of paragraph 2.

3. Nalco and Defendants are both involved and active in the sale of chemical additives for industrial processes such as papermaking. Solenis has used and is currently selling for use by their papermaking customers a filler and fiber optimizing program and product called OptiFill$^{SM}$.

**ANSWER:** Solenis admits that it sells chemical additives for industrial processes such as papermaking. Solenis admits that it is currently selling for use by its papermaking customers a program called OptiFill$^{SM}$. Solenis lacks knowledge or information sufficient to admit or deny the truth of the remaining allegations contained in paragraph 3 and accordingly denies the remaining allegations of paragraph 3, leaving Nalco to its proofs thereof.

## JURISDICTION AND VENUE

4. This is a claim of patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271; 281-285.

**ANSWER:** Solenis admits that Nalco's First Amended Complaint purports to bring an action for patent infringement arising under the Acts of Congress relating to patents, 35 U.S.C. §§ 271, 281-285.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Admitted.

6. Personal jurisdiction and venue in this District are proper under 28 U.S.C. § 1391 and 1400(b). Solenis has systematic and continuous contacts with the State of Illinois and this District. It is registered to do business in the state of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.

**ANSWER:** Solenis admits that it is registered to do business in the state of Illinois with an agent for service of process at 208 South LaSalle St., Suite 814, Chicago, Illinois

60604. Solenis will not contest personal jurisdiction for the purposes of this case only. Solenis denies the remaining allegations in paragraph 6, leaving Nalco to its proofs thereof.

**COUNT I**

**PATENT INFRINGEMENT OF U.S. PATENT NO. 8,465,623**

7. On June 18, 2013, United States Patent No. 8,465,623 ("the '623 patent") entitled Method of Improving Dewatering Efficiency, Increasing Sheet Wet Web Strength, Increasing Sheet Wet Strength, and Enhancing Filler Retention In Papermaking was duly and legally issued to Plaintiff Nalco as assignee of the inventors Yulin Zhao, Jun Li, Qing Long Rao, and Weiguo Cheng. Plaintiff Nalco is the owner of the entire right, title and interest in and to the '623 patent and has been the owner of the patent throughout the period of Defendant's infringement and still is the owner thereof. The '623 patent is attached as Exhibit A.

**ANSWER:** Solenis admits that the '623 patent issued on June 18, 2013. Solenis admits that the '623 patent is entitled "Method of Improving Dewatering Efficiency, Increasing Sheet Wet Web Strength, Increasing Sheet Wet Strength, and Enhancing Filler Retention in Papermaking." Solenis admits that Exhibit A appears to be a copy of the '623 patent. Solenis denies the remaining allegations in paragraph 7, leaving Nalco to its proofs thereof.

8. Defendant's use of certain paper processing aids or chemicals, including the OptiFill$^{SM}$ program, directly infringes the '623 patent. Defendant has used and continues to use the OptiFill$^{SM}$ program in a method that infringes the '623 patent in at least one paper processing plant in the United States. Specifically, Defendant's use of the Optifill$^{SM}$ program infringes at least claim 19 of the '623 patent.

**ANSWER:** Denied.

9. Defendant has contributed to, and continues to contribute to, the infringement of the '623 patent by selling and offering for sale chemical products to customers under the OptiFill program and instructing its customers on how to use those chemicals in a method that infringes the '623 patent in at least one papermill in the United States.

**ANSWER:** Denied.

10. Defendant's chemical products comprise a material part of the claimed invention of the '623 patent, are not staple articles of commerce, and have no substantial noninfringing uses. When used according to Defendant as part of the OptiFill program, the use of Defendant's chemical products infringes the '623 patent.

**ANSWER:** Denied.

11. Defendant is aware of the '623 patent, has been aware of the '623 patent during the period of infringement, and knowingly offered its chemical products for use in a process that is claimed in the '623 patent.

**ANSWER:** Solenis admits that it became aware of the '623 patent after Nalco filed its Original Complaint on October 7, 2015. Solenis denies the remaining allegations in paragraph 11, leaving Nalco to its proofs thereof.

12. Defendant's customers, specifically papermills that purchase Defendant's chemical products as part of the OptiFill program for use in paper processing, also directly infringe the '623 patent by using the chemical products in accordance with the OptiFill program in a process that embodies the invention of the '623 patent. Defendant knows that its customers use, and indeed instructs its customers to use, its chemical products as part of the OptiFill program in a manner that infringes the '623 patent.

**ANSWER:** Denied.

13. Defendant also has induced and continues to induce infringement of the '623 patent by selling chemical products to papermills as part of the OptiFill program and instructing the papermills to use the chemical products in accordance with the OptiFill program in a process that infringes the '623 patent. Defendant also has assisted and continues to assist the papermills in using the chemical products as part of the OptiFill program in a process that infringes the '623 patent.

**ANSWER:** Denied.

14. Defendant is and has been aware of the '623 patent and knows that its sale of its chemical products under the OptiFill program and instructions for use of the same induce Defendant's customers to directly infringe the '623 patent. Defendant's knowledge of the '623 patent, combined with Defendant's instructions for use of the chemical products as part of the OptiFill program in the manner specified by the '623 patent, demonstrate that Defendant intends to induce its customers to infringe the '623 patent.

**ANSWER:** Solenis admits that it became aware of the ’623 patent after Nalco filed its Original Complaint on October 7, 2015. Solenis denies the remaining allegations in paragraph 14, leaving Nalco to its proofs thereof.

15. When using Defendant’s chemical products as instructed by Defendant as part of the OptiFill program, Defendant’s customers, specifically the papermills, directly infringe the ’623 patent by using the chemical products as part of the OptiFill program in a process that embodies the invention of the ’623 patent.

**ANSWER:** Denied.

16. Defendant has had notice of the ’623 patent and its infringement thereof.

**ANSWER:** Solenis admits that Nalco provided notice of the ’623 patent and alleged infringement by the service of the Complaint. Solenis denies the remaining allegations in paragraph 16, leaving Nalco to its proofs thereof.

17. Defendant’s infringement of the ‘623 patent is and continues to be willful and deliberate.

**ANSWER:** Denied.

18. Plaintiff has been damaged by Defendant’s infringement of the ’623 patent and will continue to be damaged in the future unless Defendant is preliminarily and permanently enjoined from infringing said patent.

**ANSWER:** Denied.

## COUNT II

## PATENT INFRINGEMENT OF U.S. PATENT NO. 8,088,250

19. Nalco incorporates the allegations in paragraph 1-18 of this Complaint.

**ANSWER:** Solenis incorporates its responses to the allegations in paragraphs 1-18 of Nalco’s First Amended Complaint.

20. On January 3, 2012, United States Patent No. 8,088,250 ("the '250 patent") entitled Method of Increasing Filler Content In Papermaking was duly and legally issued to Plaintiff Nalco as assignee of the inventors Yulin Zhao, Jun Li, Qing Long Rao, and Weiguo Cheng. Plaintiff Nalco is the owner of the entire right, title and interest in and to the '250 patent and has been the owner of the patent throughout the period of Defendant's infringement and still is the owner thereof. The '250 patent is attached as Exhibit B.

**ANSWER:** Solenis admits that the '250 patent issued on January 3, 2012. Solenis admits that the '250 patent is entitled "Method of Increasing Filler Content In Papermaking." Solenis admits that Exhibit B appears to be a copy of the '250 patent. Solenis denies the remaining allegations in paragraph 20, leaving Nalco to its proofs thereof.

21. Defendant's use of certain paper processing aids or chemicals, including the OptiFill$^{SM}$ program, directly and indirectly infringes the '250 patent. Defendant has used and continues to use the OptiFill$^{SM}$ program in a method that infringes the '250 patent in at least one papermill in the United States. Specifically, Defendant's use of the Optifill$^{SM}$ program infringes at least claims 1-3, 6-7, 12-13 and 17 of the '250 patent.

**ANSWER:** Denied.

22. Defendant has contributed to, and continues to contribute to, the infringement of the '250 patent by selling and offering for sale chemical products to customers under the OptiFill program and instructing its customers on how to use those chemicals in a method that infringes the '250 patent in at least one papermill in the United States.

**ANSWER:** Denied.

23. Defendant's chemical products comprise a material part of the claimed invention of the '250 patent, are not staple articles of commerce, and have no substantial noninfringing uses. When used according to Defendant as part of the OptiFill program, the use of Defendant's chemical products infringes the '250 patent.

**ANSWER:** Denied.

24. Defendant is aware of the '250 patent, has been aware of the '250 patent during the period of infringement, and knowingly offered its chemical products for use in a process that is claimed in the '250 patent.

**ANSWER:** Solenis admits that it became aware of the ’250 patent after Nalco filed its Original Complaint on October 7, 2015. Solenis denies the remaining allegations in paragraph 24, leaving Nalco to its proofs thereof.

25. Defendant’s customers, specifically papermills that purchase Defendant’s chemical products as part of the OptiFill program for use in paper processing, also directly infringe the ’250 patent by using the chemical products in accordance with the OptiFill program in a process that embodies the invention of the ’250 patent. Defendant knows that its customers use, and indeed instructs its customers to use, its chemical products as part of the OptiFill program in a manner that infringes the ’250 patent.

**ANSWER:** Denied.

26. Defendant also has induced and continues to induce infringement of the ’250 patent by selling chemical products to papermills as part of the OptiFill program and instructing the papermills to use the chemical products in accordance with the OptiFill program in a process that infringes the ’250 patent. Defendant also has assisted and continues to assist the papermills in using the chemical products as part of the OptiFill program in a process that infringes the ’250 patent.

**ANSWER:** Denied.

27. Defendant is and has been aware of the ’250 patent and knows that its sale of its chemical products under the OptiFill program and instructions for use of the same induce Defendant’s customers to directly infringe the ’250 patent. Defendant’s knowledge of the ’250 patent, combined with Defendant’s instructions for use of the chemical products as part of the OptiFill program in the manner specified by the ’250 patent, demonstrate that Defendant intends to induce its customers to infringe the ’250 patent.

**ANSWER:** Solenis admits that it became aware of the ’250 patent after Nalco filed its Original Complaint on October 7, 2015. Solenis denies the remaining allegations in paragraph 27, leaving Nalco to its proofs thereof.

28. When using Defendant’s chemical products as instructed by Defendant as part of the OptiFill program, Defendant’s customers, specifically the papermills, directly infringe the ’250 patent by using the chemical products as part of the OptiFill program in a process that embodies the invention of the ’250 patent.

**ANSWER:** Denied.

29. Defendant has had actual notice of the ’250 patent and its infringement thereof.

**ANSWER:** Solenis admits that Nalco provided notice of the ’250 patent and alleged infringement by the service of its Initial Infringement Contentions on April 1, 2016. Solenis denies the remaining allegations in paragraph 29, leaving Nalco to its proofs thereof.

30. Defendant’s infringement of the ’250 patent is and continues to be willful and deliberate.

**ANSWER:** Denied.

31. Plaintiff has been damaged by Defendant’s infringement of the ’250 patent and will continue to be damaged in the future unless Defendant is preliminarily and permanently enjoined from infringing said patent.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

Nalco’s prayer for relief does not require a response. To the extent a response is required, Solenis requests that the Court deny each and every one of Nalco’s requests for further relief.

Further answering the Complaint, Solenis alleges:

## AFFIRMATIVE DEFENSES

Solenis asserts the following affirmative defenses against Nalco’s claims, and the patents asserted by Nalco therein, without altering the proper burdens of proof at trial. Solenis reserves the right to assert and rely on any additional affirmative defenses, at law or in equity, as may become available in the future based on discovery or any other factual investigation in this action.

## FIRST AFFIRMATIVE DEFENSE

Solenis alleges it is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’623 patent or the ’250 patent.

**SECOND AFFIRMATIVE DEFENSE**

The ’623 and ’250 patents are invalid, void and of no legal effect for failing to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including, but not limited to, §§ 102, 103 and/or 112. Solenis reserves the right to assert additional grounds for the invalidity or unenforceability of the ’623 and ’250 patents if it discovers such grounds during the course of the litigation.

**THIRD AFFIRMATIVE DEFENSE**

Solenis alleges Nalco is estopped under the doctrine of prosecution history estoppel from claiming that the asserted claims of the ’623 and ’250 patents should be interpreted as covering any process made, used, imported, sold or offered for sale by Solenis.

**FOURTH AFFIRMATIVE DEFENSE**

Solenis has engaged in all relevant activities in good faith, thereby precluding Nalco, even if it prevails, from recovering reasonable attorney’s fees and/or costs under 35 U.S.C. § 285.

**FIFTH AFFIRMATIVE DEFENSE**

Solenis alleges that Nalco has failed to state a claim for willful infringement of the ’623 and ’250 patents.

**COUNTERCLAIMS**

Counterclaim-Plaintiff, Solenis LLC, states the following counterclaims against Counterclaim-Defendant, Nalco Company.

For its counterclaims against Nalco, Solenis alleges as follows:

## THE PARTIES

1. Counterclaimant Solenis is a limited liability company existing under the laws of the State of Delaware, and has a principal place of business at 3 Beaver Valley Road, Suite 500, Wilmington, DE 19803.

2. Upon information and belief, Counterclaim-Defendant, Nalco is a limited liability company organized and existing under the laws of the State of Delaware, having its principal place of business at 1601 W. Diehl Road, Naperville, Illinois 60563-1198.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over these Counterclaims pursuant to, and without limitation, 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. Counterclaim-Defendant is subject to the personal jurisdiction in this district because it has availed itself of the jurisdiction of this Court, and has engaged in acts giving rise to this controversy in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and because Counterclaim-Defendant filed the Complaint in this district.

6. Upon information and belief, Counterclaim-Defendant is the owner by assignment of U.S. Patent No. 8,465,623 ("the '623 patent") and U.S. Patent No. 8,088,250 ("the '250 patent").

7. There is a justiciable controversy between Counterclaim-Plaintiff and Counterclaim-Defendant over the validity and infringement of the '623 and '250 patents. Counterclaim-Defendant contends that the '623 and '250 patents are valid and enforceable, and that Counterclaim-Plaintiff has infringed and continues to infringe said patents in the course of its business. Counterclaim-Plaintiff disputes these claims and seeks declaration of its rights.

**COUNT I—DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,465,623**

8. Solenis incorporates herein by reference the allegations in Solenis' First and Third Affirmative Defenses and paragraphs 1 through 7 in Solenis' Counterclaims, above as though fully set forth herein.

9. Counterclaim-Plaintiff is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '623 patent.

10. Accordingly, Counterclaim-Plaintiff is entitled to a judgment that they do not infringe the '623 patent.

**COUNT II—DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,465,623**

11. Solenis incorporates herein by reference the allegations in Solenis' Second Affirmative Defense and paragraphs 1 through 10 in Solenis' Counterclaims, above as though fully set forth herein.

12. On information and belief, the claims of the '623 patent are invalid for failure to satisfy the requirements for patentability set forth in 35 U.S.C. § 101, *et seq*, including but not limited to, §§ 102, 103 and/or 112.

**COUNT III—DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,088,250**

13. Solenis incorporates herein by reference the allegations in Solenis' First and Third Affirmative Defenses and paragraphs 1 through 12 in Solenis' Counterclaims, above as though fully set forth herein.

14. Counterclaim-Plaintiff is not infringing, and has not infringed, directly, by inducement, contributorily, or in any way, either literally or under the doctrine of equivalents, any valid and enforceable claim of the ’250 patent.

15. Accordingly, Counterclaim-Plaintiff is entitled to a judgment that they do not infringe the ’250 patent.

**COUNT IV—DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,088,250**

16. Solenis incorporates herein by reference the allegations in Solenis’ Second Affirmative Defense and paragraphs 1 through 15 in Solenis’ Counterclaims, above as though fully set forth herein.

17. On information and belief, the claims of the ’250 patent are invalid for failure to satisfy the requirements for patentability set forth in 35 U.S.C. § 101, *et seq*, including but not limited to, §§ 102, 103 and/or 112.

**PRAYER FOR RELIEF**

WHEREFORE Solenis requests that the Court enter a judgment in Solenis’ favor and grant the following relief:

1) A judgment dismissing Nalco’s Complaint against Solenis with prejudice;

2) A judgment for Solenis/Counterclaim-Plaintiff denying all relief requested by Nalco;

3) A judgment denying Nalco’s demand for injunctive relief;

4) A judgment in favor of Solenis/Counterclaim-Plaintiff declaring that the ’623 patent has not been infringed by Solenis/Counterclaim-Plaintiff;

5) A judgment in favor of Solenis/Counterclaim-Plaintiff declaring that the ’623 patent is invalid;

6) A judgment in favor of Solenis/Counterclaim-Plaintiff declaring that the '250 patent has not been infringed by Solenis/Counterclaim-Plaintiff;

7) A judgment in favor of Solenis/Counterclaim-Plaintiff declaring that the '250 patent is invalid;

8) An order declaring that this is an exceptional case, awarding Solenis its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

9) An award to Solenis for its costs and expenses of litigation, including but not limited to, attorneys' fees and expert witness fees; and

10) Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Solenis hereby demands trial by jury of all issues in this action triable by right of a jury.

Dated: May 5, 2016

Respectfully submitted,

/s/ *Michael P. Chu*
Charles M. McMahon
Michael P. Chu
Kevin P. Shortsle
Avani C. Macaluso
McDermott Will & Emery LLP
227 West Monroe Street, Suite 4700
Chicago, Illinois 60606
Phone: 312.372.2000
Fax: 312.984.7700
cmcmahon@mwe.com
mchu@mwe.com
kshortsle@mwe.com
amacaluso@mwe.com

*Attorneys for Defendant Solenis LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on May 5, 2016.

*/s/ Michael P. Chu*
Michael P. Chu

DM_US 72129957-3.098680.0011